**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor,

Plaintiff,

v.

SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, BRIAN FALOTICO, individually and in his official capacity as a School Resource Officer of the Waukegan Police Department for Waukegan Community Unit School District #60, AMY OLIVA, individually and in her official capacity as an Educational Safety Specialist for Waukegan Community Unit School District #60, TIMOTHY BRYNER, individually and in his official capacity as a Co-Principal for Waukegan Community Unit School District #60, NICOLE MAKI, individually and in her official capacity as an Assistant Principal for Waukegan Community School District #60, ANITA HANNA, individually and in her official capacity as a board member of the Board of Education of Waukegan Community Unit School District #60, THERESA PLASCENCIA, individually and in her official capacity as the Superintendent of Schools for Waukegan Community Unit School District #60, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, and THE CITY OF WAUKEGAN,

Defendants.

**Case No.:** 23-CV-00941

# FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD.,

and for her First Amended Complaint at Law against Defendants, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, BRIAN FALOTICO, individually and in his official capacity as a School Resource Officer of the Waukegan Police Department for Waukegan Community Unit School District #60, AMY OLIVA, individually and in her official capacity as an Educational Safety Specialist for Waukegan Community Unit School District #60, TIMOTHY BRYNER, individually and in his official capacity as a Co-principal for Waukegan Community Unit School District #60, NICOLE MAKI, individually and in her official capacity as an Assistant Principal for Waukegan Community Unit School District #60, ANITA HANNA, individually and in her official capacity as a board member of the Board of Education of Waukegan Community Unit School District #60, THERESA PLASCENCIA, individually and in her official capacity as the Superintendent of Schools for Waukegan Community Unit School District #60, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, and THE CITY OF WAUKEGAN, states and pleads as follows:

## INTRODUCTION

1. This is an action for claims of civil rights violations brought pursuant to the laws of the United States and the State of Illinois. Plaintiff alleges, *inter alia*, that Defendants violated M.W.'s Fourth, Fifth, and Fourteenth Amendment liberties by causing M.W. to be wrongfully accused of, detained for, and

coerced into confessing to the February 15, 2022, shooting of Elvis Ramos – a crime which M.W. did not commit.

2. Plaintiff further alleges that the aforesaid civil rights violations were done under the color of law, in furtherance of the established customs, policies, and/or practices of Defendant, THE CITY OF WAUKEGAN, individually, and/or by and through its employees, including, but not limited to, Defendants, BRIAN FALOTICO, SEAN AINES and JOSHUA AMMAN, whereby Defendant, THE CITY OF WAUKEGAN, individually, and by and through its employees, actual or apparent agents, and/or representatives, causes, encourages, and/or permits Waukegan Police Department ("WPD") officers to force, induce, and/or coerce individuals into providing false confessions and/or incriminating statements for crimes in which they had no involvement.

3. Plaintiff maintains that, pursuant to the aforesaid customs, policies, and/or practices, the fabrication of false confessions via WPD force, inducement, and/or coercion is and was at all relevant times a routine occurrence, and it is and was at all relevant times the policy, practice, and/or custom of WPD officers to place suspects under extreme duress and abuse so as to elicit confessions and/or incriminating statements. Plaintiff alleges that, as a result of the actions taken in furtherance of the aforesaid policies, etc., M.W.'s constitutionally protected liberties were violated.

4. Plaintiff further alleges that Defendants, BRIAN FALOTICO, AMY OLIVA,

TIMOTHY BRYNER, NICOLE MAKI, ANITA HANNA, and THERESA PLASCENCIA willfully, intentionally, and/or recklessly failed to contact M.W.'s mother upon his wrongful arrest and detention.

5. Additionally, Defendants, THERESA PLASCENCIA, NICOLE MAKI, AMY OLIVA, ANITA HANNA, and TIMOTHY BRYNER, willfully, intentionally, and/or recklessly caused M.W. to suffer severe emotional distress when Defendants, THERESA PLASCENCIA, NICOLE MAKI, ANITA HANNA, and TIMOTHY BRYNER, individually and/or jointly and in conspiracy with one another, permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal and gang history.

6. Plaintiff moreover asserts that all Defendants failed to intervene to prevent the wrongful arrest, detention, and interrogation of M.W. when Defendants knew or reasonably should have known, based upon all available evidence, that M.W. was innocent.

7. M.W. now seeks justice for the injuries he suffered, redress for his loss of liberty, and remedy for the incredible hardship that he has and will continue to endure as a result.

## PARTIES

8. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., is the mother of M.W., an African-American child who was a minor at the time of the incident and is currently 16 years old.

9. Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, is and was at all times relevant a resident of the State of Illinois, a WPD officer, and hereto employed by and acting under the color of law on behalf of Defendant, THE CITY OF WAUKEGAN.

10. Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, is and was at all times relevant a resident of the State of Illinois, a WPD officer, and hereto employed by and acting under the color of law on behalf of Defendant, THE CITY OF WAUKEGAN.

11. Defendant, BRIAN FALOTICO, individually and in his official capacity as a WPD School Resource Officer, is and was at all times relevant a resident of the State of Illinois, a WPD officer, and hereto employed by and acting under the color of law on behalf of Defendant, THE CITY OF WAUKEGAN, as a School Resource Officer at Waukegan High School Brookside in the Waukegan Community Unit School District #60.

12. Defendant, AMY OLIVA, individually and in her official capacity as an Educational Safety Specialist for Waukegan Community Unit School District #60, is and was at all times relevant responsible for assisting in keeping the students and staff at Waukegan High School Brookside (WHSB) safe, including M.W. Defendant, AMY OLIVA, individually and in her official capacity as an Educational Safety Specialist for Waukegan Community Unit

School District #60, is and was at all times relevant a resident of the State of Illinois and hereto employed by and acting on behalf of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60.

13. Defendant, TIMOTHY BRYNER, individually and in his official capacity as a Co-principal for Waukegan Community Unit School District #60, is and was at all times relevant responsible for supervising and caring for the students at Waukegan High School Brookside (WHSB), including M.W. Defendant, TIMOTHY BRYNER, individually and in his official capacity as a Co-principal for Waukegan Community Unit School District #60, is and was at all times relevant a resident of the State of Illinois and hereto employed by and acting on behalf of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60.

14. Defendant, NICOLE MAKI, individually and in her official capacity as an Assistant Principal for Waukegan Community Unit School District #60 is and was at all times relevant responsible for supervising and caring for the students at Waukegan High School Brookside (WHSB), including M.W. Defendant, NICOLE MAKI, individually and in her official capacity as an Assistant Principal for Waukegan Community Unit School District #60, is and was at all times relevant a resident of the State of Illinois and hereto employed by and acting on behalf of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60

15. Defendant, ANITA HANNA, individually and in her official capacity as a

board member of Waukegan Community Unit School District #60, is and was at all times relevant responsible for overseeing the procedures and policies of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60. Defendant, ANITA HANNA, individually and in her official capacity as a board member of Waukegan Community Unit School District #60, is and was at all times relevant a resident of the State of Illinois and hereto employed by and acting on behalf of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60.

16. Defendant, THERESA PLASCENCIA, individually and in her official capacity as the Superintendent of Schools for Waukegan Community Unit School District #60, is and was at all times relevant responsible for developing, implementing, and overseeing the implementation of the educational and safety policies related to the schooling of all students enrolled in Waukegan Community Unit School District #60, including M.W. Defendant, THERESA PLASCENCIA, individually and in her official capacity as Superintendent of Schools for Waukegan Community Unit School District #60, is and was at all times relevant a resident of the State of Illinois and hereto employed by and acting on behalf of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60.

17. Defendant, THE CITY OF WAUKEGAN, is an Illinois municipal corporation that is or was at all relevant times the employer of Defendants, SEAN AINES, JOSHUA AMMAN, and BRIAN FALOTICO (hereinafter referred to

collectively as "WPD Defendants"). Defendant, THE CITY OF WAUKEGAN, is a necessary party and is responsible for judgment.

18. Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60[1], is or was at all relevant times the employer of Defendants, TIMOTHY BRYNER, NICOLE MAKI, AMY OLIVA, THERESA PLASCENCIA, and ANITA HANNA (hereinafter referred to collectively as "District Defendants"). Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, is a necessary party and is responsible for judgment. At all relevant times, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, owned and/or operated a public high school located at or near 2324 Brookside in the City of Waukegan, County of Lake, State of Illinois.

## JURISDICTION AND VENUE

19. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. §§ 1983, 1988. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(b). Venue is proper in the Eastern Division of the United States District Court for the Northern District of Illinois, where all Defendants reside in the Eastern Division of the Northern District in the State of Illinois, and where a substantial part of Defendants' acts or omissions giving rise to Plaintiff's claims occurred in the Eastern Division of the Northern District in the State of Illinois. 28 U.S.C. § 1391(b).

[1] Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, is also colloquially referred to as "Waukegan Public School District #60" and/or "WPS #60." For the purposes of this Complaint, the entity will be referred to as "BOARD OF EDUCATION OF WAUKEGAN CUSD #60."

## GENERAL ALLEGATIONS

### The Shooting of Elvis Ramos

20. Plaintiff restates and incorporates by reference ¶¶ 1-19 of this Complaint at Law as if fully set forth herein as ¶ 20.

21. On February 4, 2022, at approximately 7:15 p.m., the Waukegan Police Department responded to a 911 call regarding the shooting of Dollar General employee, Elvis Ramos, at 2613 Grand Avenue, in the City of Waukegan, County of Lake, State of Illinois.

22. Dollar General employee, Oscar Gutierrez, provided Defendant, SEAN AINES, with a vague description of the shooter, stating that the shooter was a black male, 20 years of age, approximately 5'7", wearing a black hooded sweatshirt with a smiley face on it, and a black and white balaclava face mask (ski mask).

23. Following the events referenced in ¶¶ 21-22, Defendant, SEAN AINES, opened an investigation of the shooting.

### The Arrest of M.W.

24. On or about February 15, 2022, Defendant, SEAN AINES, conducted photo-lineups with both Elvis Ramos and Oscar Gutierrez, but M.W. was not definitively identified as the shooter.

25. On February 16, 2022, at or around 12:00 p.m., WPD officers arrived at Waukegan Community Unit School District #60, whereupon Defendant, AMY OLIVA, removed M.W. from the class he was attending so as to allow

Defendant, JOSHUA AMMAN, and a fellow WPD detective (hereinafter "Detective Cancino") to place M.W. into custody.

26. Detective Cancino drove M.W. to the WPD station with Defendant, JOSHUA AMMAN, seated in the back seat next to M.W.

27. At all relevant times, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, had in effect rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives, to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

28. At all relevant times, Defendant, THE CITY OF WAUKEGAN, had in effect rules, policies, and/or procedures requiring its school resource officers to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

29. Defendants, TIMOTHY BRYNER, NICOLE MAKI, AMY OLIVA, BRIAN FALOTICO, JOSHUAN AMMAN, and SEAN AINES, failed to contact M.W.'s mother following his removal from class and subsequent arrest.

**THE INTERROGATION OF M.W.**

30. At the time referenced in ¶ 26, M.W. was handcuffed and being interrogated by Defendant, JOSHUA AMMAN, despite the fact that WPD officers had neither Mirandized M.W. nor contacted his mother.

31. Upon his arrival at the WPD station, M.W. was interrogated for a second time with neither his mother nor counsel present.

32. During the interrogation, Defendant, JOSHUA AMMAN, was assigned and/or designated as M.W.'s Juvenile Advocate. As M.W.'s Juvenile Advocate, Defendant, JOSHUA AMMAN's, role was to protect M.W.'s interests – not assist Defendant, SEAN AINES', interrogation.

33. Despite this, Defendant, JOSHUA AMMAN, assisted Defendant, SEAN AINES, by providing M.W. with his personal cell phone displaying a map so as to induce M.W. into falsely identifying where he, as wrongfully believed by Defendants, supposedly disposed of and/or hid the gun used in the Dollar General shooting.

34. Furthermore, Defendant, JOSHUA AMMAN, failed to perform his duties as Juvenile Advocate by allowing and/or encouraging Defendant, SEAN AINES, to lie to M.W. Specifically, Defendant, SEAN AINES, lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting.

35. Moreover, Defendant, SEAN AINES, maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting. However, despite being provided the aforesaid information regarding the shooting, M.W. nonetheless could not provide corroborating details.

36. During the course of the interrogation, Defendants, SEAN AINES and JOSHUA AMMAN, knowing that M.W. had not eaten in several hours, attempted to induce M.W. into falsely confessing by offering him McDonald's.

37. The leading questions, lies, and abuses, together with the extensive and intricate retelling of the shooting, resulted in M.W. falsely confessing to the shooting of Elvis Ramos, in violation of 705 ILCS 405/5-401.5(a).

38. When M.W.'s mother was eventually contacted, she was not permitted to speak with M.W. via phone and was informed by WPD officers that she would be allowed to talk with him in person at the station.

39. At all relevant times and while M.W. was in custody and under interrogation, Defendant, SEAN AINES, received multiple communications from reliable third parties, including a fellow police officer, who provided irrefutable alibies proving M.W.'s innocence.

40. Based on these communications, Defendant, SEAN AINES, conducted further investigations, which lead to Elvis Ramos positively identifying a different individual – Kaleb Brown – as the shooter.

41. Despite these communications and the alternative identification, M.W. was still detained at the Hulse Juvenile Detention Center and/or Robert W. Depke Juvenile Complex Center (hereinafter "the JDC") for two nights.

42. Even after learning of M.W.'s actual innocence, Defendant, SEAN AINES, only contacted JDC once, and was instructed to request the consent of the Lake County State's Attorney's Office for M.W. to be released.

43. Instead of attempting to reach the State's Attorney's Office, Defendant, SEAN AINES, waited until the following morning and failed to pursue alternative channels to timely secure the release of M.W.

44. Following his release, M.W. returned to Waukegan Community Unit School District #60, whereupon the District Defendants permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and Rayon Edwards, a man that the District Defendants knew or should have known had a violent criminal history.

45. At the time and place referenced in ¶ 44, the District Defendants knew or reasonably should have known that M.W. was represented by counsel. Despite this, the District Defendants failed to notify M.W.'s mother or counsel regarding the aforesaid meeting. The District Defendants permitted, encouraged, and/or otherwise allowed the aforesaid individual to meet privately with M.W. on school grounds, and it was during that meeting when said individual gave an unsolicited offer of "protection" to M.W.

46. Following these events, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., made a demand upon and began negotiating with Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, seeking administrative relief for the misconduct described in this Complaint. As of the filing of this Complaint, negotiations have failed due to lack of response, and, upon information and belief, Plaintiff, SHANIKA WILLIAMS, had exhausted all administrative remedies available in this matter.

**COUNT I – 42 U.S.C. § 1983**
**WRONGFUL / FALSE ARREST**
**VIOLATION OF 4th AND 14th AMENDMENTS**
**AGAINST DEFENDANT SEAN AINES**

47. Plaintiff restates and incorporates by reference ¶¶ 1-46 of this Complaint at Law as if fully set forth herein as ¶ 47.

48. On or about February 15, 2022, and at all relevant times, Defendant, SEAN AINES, as a detective for the Waukegan Police Department and as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, was acting under the color of law.

49. On or about February 15, 2022, Defendant, SEAN AINES, as a detective for the Waukegan Police Department and as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, acting under the color of law, violated M.W.'s rights by knowingly and intentionally arresting M.W., without probable cause, for a crime with which M.W. was not involved.

50. As set forth in ¶¶ 20-46 *supra*, on or about February 15, 2022, and at all relevant times, Defendant, SEAN AINES, knew or reasonably should have known that M.W. was innocent of the crime(s) for which he was arrested, and Defendant, SEAN AINES, therefore lacked probable cause to arrest M.W.

51. Defendant, SEAN AINES', misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

52. Defendant, SEAN AINES', misconduct described in this Count was made in

furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

53. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, SEAN AINES, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT II – 42 U.S.C. § 1983**
**WRONGFUL / FALSE DETENTION**
**VIOLATION OF 5th AND 14th AMENDMENTS**
**AGAINST DEFENDANT SEAN AINES**

54. Plaintiff restates and incorporates by reference ¶¶ 1-53 of this Complaint at

Law as if fully set forth herein as ¶ 54.

55. On or about February 15, 2022, and at all relevant times, Defendant, SEAN AINES, as a detective for the Waukegan Police Department and as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, was acting under the color of law.

56. On or about February 15, 2022, Defendant, SEAN AINES, as a detective for the Waukegan Police Department and as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, violated M.W.'s rights by knowingly and intentionally detaining M.W., without probable cause, for a crime with which M.W. was not involved.

57. As set forth in ¶¶ 20-46 *supra*, on or about February 15, 2022, and at all relevant times, Defendant, SEAN AINES, knew or reasonably should have known that M.W. was innocent of the crime(s) for which he was detained.

58. Defendant, SEAN AINES', misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

59. Defendant, SEAN AINES', misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

60. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the

United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, SEAN AINES, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT III – 42 U.S.C. § 1983**
**COERCED CONFESSION**
**VIOLATION OF 5th AND 14th AMENDMENTS**
**AGAINST DEFENDANT SEAN AINES**

61. Plaintiff restates and incorporates by reference ¶¶ 1-60 of this Complaint at Law as if fully set forth herein as ¶ 61.

62. On or about February 16, 2022, and at all relevant times, Defendant, SEAN AINES, while acting within the scope of his employment and under color of law and authority as an investigator, individually and/or jointly and in conspiracy with the other WPD Defendants, violated M.W.'s Fifth and

Fourteenth Amendment liberties in one or more of the following ways:

a. forced and/or coerced M.W. into falsely incriminating himself against his will, in violation of his rights secured by the Fifth and Fourteenth Amendments to the United States Constitution;

b. knowingly and intentionally lied to M.W., a minor, during interrogation, in violation of 705 ILCS 405/5-401;

c. maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting; and

d. knowingly and intentionally withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.

63. As described more fully above, Defendant, SEAN AINES, participated in, encouraged, advised, and/or ordered an unconstitutional interrogation of M.W., which caused M.W. to make involuntary statements wrongfully implicating himself in a crime which he did not commit.

64. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, maliciously, with reckless indifference to the rights of others, and in total disregard of the truth and M.W.'s innocence.

65. M.W.'s injuries were caused by the policies, practices, and customs of Defendant, THE CITY OF WAUKEGAN.

66. At all times relevant to the events described in this Complaint and for a period of time prior thereto, Defendant, THE CITY OF WAUKEGAN, promulgated rules, regulations, policies, and procedures for detaining, questioning, and interrogating detainees, especially minor detainees.

67. At all times relevant to the events described in this Complaint and for a

period of time prior thereto, Defendant, THE CITY OF WAUKEGAN, enacted rules, regulations, policies, and procedures for the training and supervising officers with respect to the conduct of interrogations and the techniques to be used when questioning a criminal suspect, including the encouragement of the "Reid technique".

68. Defendant, THE CITY OF WAUKEGAN, provided training and accompanying training materials to Officers and Detectives on the subject of criminal investigation. The Waukegan Police Department adopted these rules, regulations, policies, and procedures, such that they became the *de facto* policies and procedures of the Waukegan Police Department at large.

69. At all times relevant to the events described in this Complaint and for a period of time prior thereto, Defendant, THE CITY OF WAUKEGAN, had notice of widespread practices that officers and detectives routinely coerced individuals – specifically minors and persons of color – against their will to implicate themselves in crimes that they had not committed. It was common that suspects interrogated in connection to investigations within the jurisdiction falsely confessed, under extreme duress, to committing crimes to which they had no connection and for which there was scant evidence to suggest that they were in any way involved.

70. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the

United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, SEAN AINES, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT IV - 42 U.S.C. § 1983**
**DUE PROCESS**
**VIOLATION OF 5th AND 14th AMENDMENTS**
**AGAINST DEFENDANT SEAN AINES**

71. Plaintiff restates and incorporates by reference ¶¶ 1-70 of this Complaint at Law as if fully set forth herein as ¶ 71.

72. As described in detail above, the Defendant, SEAN AINES, while acting within the scope of his employment and under color of law and authority as an investigator, individually and/or jointly and in conspiracy with the other WPD Defendants, deprived M.W. of his constitutional due process rights

under the Fifth and Fourteenth Amendments in one or more of the following ways:

a. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

b. Knowingly, intentionally, and maliciously lied to a minor in his custody, in violation of 705 ILCS 405/5-401.5(a);

c. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

d. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

e. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

f. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

g. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

h. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

73. Defendant, SEAN AINES', misconduct directly resulted in the wrongful arrest and detention of M.W., thereby denying him his constitutional due process rights.

74. The conduct described in this Count was objectively unreasonable and was undertaken intentionally and maliciously, with reckless indifference to the

rights of others, and in total disregard of the truth and M.W.'s innocence.

75. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, SEAN AINES, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT V – STATE CLAIM:**
**JUVENILE COURT ACT VIOLATION**
**AGAINST DEFENDANT SEAN AINES**

76. Plaintiff restates and incorporates by reference ¶¶ 1-75 of this Complaint at Law as if fully set forth herein as ¶ 76.

77. Defendant, SEAN AINES, conducted a custodial interrogation under 705 ILCS 405/5-401.5(a).

78. On or about February 16, 2022, and at all relevant times, Defendant, SEAN AINES, violated the Illinois Juvenile Court Act through one or more of the following acts or omissions:

a. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

b. Knowingly, intentionally, and maliciously lied to a minor in his custody, in violation of 705 ILCS 405/5-401;

c. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

d. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

e. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

f. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

g. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

h. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

79. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish,

humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT VI – STATE CLAIM:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANT SEAN AINES**

80. Plaintiff restates and incorporates by reference ¶¶ 1-79 of this Complaint at Law as if fully set forth herein as ¶ 80.

81. On or about February 15, 2022, and at all relevant times, Defendant, SEAN AINES, individually and/or jointly and in conspiracy with Defendant, JOSHUA AMMAN, caused, through one or more of the following acts or omissions, M.W. to suffer emotional distress:

   a. Knowingly, intentionally, and maliciously caused M.W. to be wrongfully and/or falsely arrested, without probable cause, for a crime with which he had no involvement;

   b. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

c. Knowingly, intentionally, and maliciously lied to a minor in his custody;

d. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

e. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

f. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

g. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

h. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

i. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

82. The actions, omissions, and conduct of Defendant, SEAN AINES, were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause M.W.'s injury or were done with reckless disregard for the probability that their conduct would cause severe emotional distress to M.W.

83. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish,

humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT VII – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**AGAINST DEFENDANT SEAN AINES**

84. Plaintiff restates and incorporates by reference ¶¶ 1-83 of this Complaint at Law as if fully set forth herein as ¶ 84.

85. On or about February 16, 2022, during the aforementioned interrogation and at all relevant times, Defendant, SEAN AINES, received multiple communications from reliable third parties who provided irrefutable evidence proving M.W.'s innocence.

86. On or about February 16, 2022, after receiving the aforesaid communications, Defendant, SEAN AINES, investigated alternative suspects, which lead to Elvis Ramos positively identifying a different individual – Kaleb Brown – as

the shooter.

87. Despite the aforesaid communications and alternative identification, Defendant, SEAN AINES, caused M.W. to remain in detention at the JDC for two nights by failing to timely contact the Lake County State's Attorney's Office to secure the release of M.W.

88. Defendant, SEAN AINES, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

89. Defendant, SEAN AINES, pursued a criminal investigation of M.W. despite the fact that, beyond M.W. being an African-American male, he did not match the description of the shooter provided by Oscar Gutierrez.

90. Defendant, SEAN AINES, failed to pursue alternative leads and instead pursued M.W. while ignoring a variety of credible sources which provided alibies for M.W.'s whereabouts, and continuing to pursue an investigation of M.W. despite an overwhelming lack of evidence connecting M.W. to the shooting.

91. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, SEAN AINES, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

92. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. was deprived of the rights, privileges, and

immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, SEAN AINES, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT VIII – 42 U.S.C. § 1983**
**CONSPIRACY**
**AGAINST DEFENDANT SEAN AINES**

93. Plaintiff restates and incorporates by reference ¶¶ 1-92 of this Complaint at Law as if fully set forth herein as ¶ 93.

94. As set forth more fully above, Defendant, SEAN AINES, possessed, at all relevant times, a wealth of exculpatory evidence relating to M.W. and the shooting of Elvis Ramos, and Defendant, SEAN AINES, made Defendant,

JOSHUA AMMAN, aware of this information.

95. At all relevant times, Defendants, SEAN AINES and JOSHUA AMMAN, were under agreement amongst themselves to frame M.W. for the shooting of Elvis Ramos, and thereby deprive M.W. of his constitutional rights, as described in the preceding paragraphs of this Complaint at Law.

96. Defendant, SEAN AINES, conspired with Defendant, JOSHUA AMMAN, to conceal and/or disregard exculpatory materials which would have led to the timelier exoneration and release of M.W.

97. In the manner described in this Count and the preceding paragraphs of this Complaint at Law, Defendant, SEAN AINES, acting in concert with his co-conspirator, Defendant, JOSHUA AMMAN, conspired through concerted action to accomplish an unlawful goal by unlawful means.

98. In furtherance of the aforesaid conspiracy, Defendant, SEAN AINES, acting in concert with his co-conspirator, Defendant, JOSHUA AMMAN, committed overt conspiratorial acts and was an otherwise willful participant in unlawful joint activity through one or more of the following acts or omissions:

a. Knowingly, intentionally, and maliciously caused M.W. to be wrongfully and/or falsely arrested, without probable cause, for a crime with which he had no involvement;

b. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

c. Knowingly, intentionally, and maliciously lied to a minor in his custody;

d. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should

have known to be false;

e. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

f. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

g. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

h. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

i. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

99. Defendant, SEAN AINES', misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

100. Defendant, SEAN AINES', misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

101. As a direct and proximate result of Defendant, SEAN AINES', misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation,

emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, SEAN AINES, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, SEAN AINES, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT IX – 42 U.S.C. § 1983**
**WRONGFUL / FALSE ARREST**
**VIOLATION OF 4th AND 14th AMENDMENTS**
**AGAINST DEFENDANT JOSHUA AMMAN**

102. Plaintiff restates and incorporates by reference ¶¶ 1-101 of this Complaint at Law as if fully set forth herein as ¶ 102.

103. On or about February 15, 2022, and at all relevant times, Defendant, JOSHUA AMMAN, as a detective for the Waukegan Police Department and as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, was acting under the color of law.

104. On or about February 15, 2022, Defendant, JOSHUA AMMAN, as a detective for the Waukegan Police Department and as an employee, actual or apparent

agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, acting under the color of law, violated M.W.'s rights by knowingly and intentionally arresting M.W., without probable cause, for a crime with which M.W. was not involved.

105. As set forth in ¶¶ 20-46 *supra*, on or about February 15, 2022, and at all relevant times, Defendant, JOSHUA AMMAN, knew or reasonably should have known that M.W. was innocent of the crime(s) for which he was arrested, and Defendant, JOSHUA AMMAN, therefore lacked probable cause to arrest M.W.

106. Defendant, JOSHUA AMMAN's, misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

107. Defendant, JOSHUA AMMAN's, misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

108. As a direct and proximate result of Defendant, JOSHUA AMMAN's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and

Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, JOSHUA AMMAN, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT X – 42 U.S.C. § 1983**
**WRONGFUL / FALSE DETENTION**
**VIOLATION OF 5th AND 14th AMENDMENTS**
**AGAINST DEFENDANT JOSHUA AMMAN**

109. Plaintiff restates and incorporates by reference ¶¶ 1-108 of this Complaint at Law as if fully set forth herein as ¶ 109.

110. On or about February 15, 2022, and at all relevant times, Defendant, JOSHUA AMMAN, as a detective for the Waukegan Police Department and as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, was acting under the color of law.

111. On or about February 15, 2022, Defendant, JOSHUA AMMAN, as a detective for the Waukegan Police Department and as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, violated M.W.'s rights by knowingly and intentionally detaining M.W.,

without probable cause, for a crime with which M.W. was not involved.

112. As set forth in ¶¶ 20-46 *supra*, on or about February 15, 2022, and at all relevant times, Defendant, JOSHUA AMMAN, knew or reasonably should have known that M.W. was innocent of the crime(s) for which he was detained.

113. Defendant, JOSHUA AMMAN's, misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

114. Defendant, JOSHUA AMMAN's, misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

115. As a direct and proximate result of Defendant, JOSHUA AMMAN's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, JOSHUA AMMAN, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XI – 42 U.S.C. § 1983**
**COERCED CONFESSION**
**VIOLATION OF 5th AND 14th AMENDMENTS**
**AGAINST DEFENDANT JOSHUA AMMAN**

116. Plaintiff restates and incorporates by reference ¶¶ 1-115 of this Complaint at Law as if fully set forth herein as ¶ 116.

117. On or about February 16, 2022, and at all relevant times, Defendant, JOSHUA AMMAN, while acting within the scope of his employment and under color of law and authority as an investigator, individually and/or jointly and in conspiracy with the other WPD Defendants, violated M.W.'s Fifth and Fourteenth Amendment liberties in one or more of the following ways:

a. Forced and/or coerced M.W. into falsely incriminating himself against his will, in violation of his rights secured by the Fifth and Fourteenth Amendments to the United States Constitution;

b. Failed to Mirandize M.W. before conducting an impromptu interrogation while en route to the WPD station;

c. Knowingly and intentionally lied to M.W., a minor, during interrogation, in violation of 705 ILCS 405/5-401;

d. Failed to properly act as M.W.'s juvenile advocate by assisting

Defendant, SEAN AINES, in interrogating M.W.; and

e. Knowingly and intentionally withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.

118. As described more fully above, Defendant, JOSHUA AMMAN, participated in, encouraged, advised, and/or ordered an unconstitutional interrogation of M.W., which caused M.W. to make involuntary statements wrongfully implicating himself in a crime which he did not commit.

119. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, maliciously, with reckless indifference to the rights of others, and in total disregard of the truth and M.W.'s innocence.

120. M.W.'s injuries were caused by the policies, practices, and customs of Defendant, THE CITY OF WAUKEGAN.

121. As a direct and proximate result of Defendant, JOSHUA AMMAN's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, JOSHUA AMMAN, is liable to Plaintiff, SHANIKA WILLIAMS,

as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XII - 42 U.S.C. § 1983**
**DUE PROCESS**
**VIOLATION OF 5th AND 14th AMENDMENTS**
**AGAINST DEFENDANT JOSHUA AMMAN**

122. Plaintiff restates and incorporates by reference ¶¶ 1-121 of this Complaint at Law as if fully set forth herein as ¶ 122.

123. As described in detail above, the Defendant, JOSHUA AMMAN, while acting within the scope of his employment and under color of law and authority as an investigator, individually and/or jointly and in conspiracy with the other WPD Defendants, violated M.W.'s Fifth and Fourteenth Amendment liberties in one or more of the following ways:

a. Knowingly, intentionally, and maliciously failed to act as M.W.'s juvenile advocate by assisting in Defendant, SEAN AINES', interrogation of M.W.;

b. Knowingly, intentionally, and maliciously conducted a custodial interrogation while en route to the Waukegan Police Department, asking M.W. various questions under the guise of not knowing the facts of the case, despite the fact that M.W. had yet to be Mirandized, in violation of ILCS 405/5-401.5(a-5)(1)-(2);

c. Knowingly, intentionally, and maliciously fabricated and solicited false

evidence;

d. Knowingly, intentionally, and maliciously lied to a minor in his custody;

e. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

f. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

g. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

h. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

i. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

j. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

124. Defendant, JOSHUA AMMAN's, misconduct directly resulted in the wrongful arrest and detention of M.W., thereby denying him his constitutional due process rights.

125. The conduct described in this Count was objectively unreasonable and was undertaken intentionally and maliciously, with reckless indifference to the rights of others, and in total disregard of the truth and M.W.'s innocence.

126. As a direct and proximate result of Defendant, JOSHUA AMMAN's,

misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, JOSHUA AMMAN, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XIII – STATE CLAIM:**
**JUVENILE COURT ACT VIOLATION**
**AGAINST DEFENDANT JOSHUA AMMAN**

127. Plaintiff restates and incorporates by reference ¶¶ 1-126 of this Complaint at Law as if fully set forth herein as ¶ 127.

128. Defendant, JOSHUA AMMAN, conducted a custodial interrogation under 705 ILCS 405/5-401.5(a).

129. On or about February 16, 2022, and at all relevant times, Defendant, JOSHUA AMMAN, violated the Illinois Juvenile Court Act through one or more of the following acts or omissions:

a. Knowingly, intentionally, and maliciously failed to act as M.W.'s juvenile advocate by assisting in Defendant, SEAN AINES', interrogation of M.W.;

b. Knowingly, intentionally, and maliciously conducted a custodial interrogation while en route to the Waukegan Police Department, asking M.W. various questions under the guise of not knowing the facts of the case, despite the fact that M.W. had yet to be Mirandized, in violation of ILCS 405/5-401.5(a-5)(1)-(2);

c. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

d. Knowingly, intentionally, and maliciously lied to a minor in his custody, in violation of 705 ILCS 405/5-401.5(a);

e. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

f. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

g. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

h. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

i. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

j. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the

shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

130. As a direct and proximate result of Defendant, JOSHUA AMMAN's, misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XIV – STATE CLAIM:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANT JOSHUA AMMAN**

131. Plaintiff restates and incorporates by reference ¶¶ 1-130 of this Complaint at Law as if fully set forth herein as ¶ 131.

132. On or about February 15, 2022, and at all relevant times, Defendant, JOSHUA AMMAN, individually and/or jointly and in conspiracy with Defendant, SEAN AINES, caused, through one or more of the following acts or omissions, M.W. to suffer emotional distress:

a. Knowingly, intentionally, and maliciously failed to act as M.W.'s juvenile advocate by assisting in Defendant, SEAN AINES', interrogation of M.W.;

b. Knowingly, intentionally, and maliciously conducted a custodial interrogation while en route to the Waukegan Police Department, asking M.W. various questions under the guise of not knowing the facts of the case, despite the fact that M.W. had yet to be Mirandized, in violation of ILCS 405/5-401.5(a-5)(1)-(2);

c. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

d. Knowingly, intentionally, and maliciously lied to a minor in his custody, in violation of 705 ILCS 405/5-401.5(a);

e. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

f. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

g. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

h. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

i. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

j. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

133. The actions, omissions, and conduct of Defendant, JOSHUA AMMAN, were extreme and outrageous. These actions were rooted in an abuse of power and

authority and were undertaken with the intent to cause M.W.'s injury or were done with reckless disregard of the probability that their conduct would cause severe emotional distress to M.W.

134. As a direct and proximate result of Defendant, JOSHUA AMMAN's, misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XV – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**<u>AGAINST DEFENDANT JOSHUA AMMAN</u>**

135. Plaintiff restates and incorporates by reference ¶¶ 1-134 of this Complaint at Law as if fully set forth herein as ¶ 135.

136. On or about February 16, 2022, during the aforementioned interrogation and at all relevant times, Defendant, JOSHUA AMMAN, failed to investigate

multiple communications from reliable third parties who provided irrefutable alibies proving M.W.'s innocence.

137. On or about February 16, 2022, Defendant, JOSHUA AMMAN, knew or reasonably should have known of alternative suspects, such as Kaleb Brown.

138. Defendant, JOSHUA AMMAN, caused M.W. to remain in detention at the JDC for two nights by failing to timely contact the Lake County State's Attorney's Office to secure the release of M.W.

139. Defendant, JOSHUA AMMAN, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

140. Defendant, JOSHUA AMMAN, aided in the pursuit of a criminal investigation of M.W. despite the fact that, beyond M.W. being an African-American male, he did not match the description of the shooter provided by Oscar Gutierrez.

141. Defendant, JOSHUA AMMAN, failed to investigate alternative leads and instead pursued M.W. while ignoring a variety of credible sources which provided alibies for M.W.'s whereabouts, and continuing to aid in the pursuit of an investigation of M.W. despite an overwhelming lack of evidence connecting M.W. to the shooting.

142. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, JOSHUA AMMAN, knew or reasonably should have known

said misconduct would likely result in injury, damage, or other harm to M.W.

143. As a direct and proximate result of Defendant, JOSHUA AMMAN's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, JOSHUA AMMAN, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XVI – 42 U.S.C. § 1983**
**CONSPIRACY**
**AGAINST DEFENDANT JOSHUA AMMAN**

144. Plaintiff restates and incorporates by reference ¶¶ 1-143 of this Complaint at

Law as if fully set forth herein as ¶ 144.

145. As set forth more fully above, at all relevant times, Defendant, JOSHUA AMMAN, knew or reasonably should have known that Defendant, SEAN AINES, possessed a wealth of exculpatory evidence relating to M.W. and the shooting of Elvis Ramos.

146. At all relevant times, Defendants, JOSHUA AMMAN and SEAN AINES, were under agreement amongst themselves to frame M.W. for the shooting of Elvis Ramos, and thereby deprive M.W. of his constitutional rights, all as described in the preceding paragraphs of this Complaint at Law.

147. Defendant, JOSHUA AMMAN, conspired with Defendant, SEAN AINES, to conceal and/or disregard exculpatory materials which would have led to the timelier exoneration and release of M.W.

148. In the manner described in this Count and the preceding paragraphs of this Complaint at Law, Defendant, JOSHUA AMMAN, acting in concert with his co-conspirator, Defendant, SEAN AINES, conspired through concerted action to accomplish an unlawful goal by unlawful means.

149. In furtherance of the aforesaid conspiracy, Defendant, JOSHUA AMMAN, acting in concert with his co-conspirator, Defendant, SEAN AINES, committed overt conspiratorial acts and was an otherwise willful participant in unlawful joint activity through one or more of the following acts or omissions:

a. Knowingly, intentionally, and maliciously failed to act as M.W.'s juvenile advocate by assisting in Defendant, SEAN AINES',

interrogation of M.W.;

b. Knowingly, intentionally, and maliciously conducted a custodial interrogation while en route to the Waukegan Police Department, asking M.W. various questions under the guise of not knowing the facts of the case, despite the fact that M.W. had yet to be Mirandized, in violation of ILCS 405/5-401.5(a-5)(1)-(2);

c. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

d. Knowingly, intentionally, and maliciously lied to a minor in his custody;

e. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

f. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

g. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

h. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

i. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

j. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

150. Defendant, JOSHUA AMMAN's, misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

151. Defendant, JOSHUA AMMAN's, misconduct described in this Count was made in furtherance of the policies, practices, procedures, and/or customs of Defendant, THE CITY OF WAUKEGAN.

152. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, JOSHUA AMMAN, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

153. As a direct and proximate result of Defendant, JOSHUA AMMAN's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, JOSHUA AMMAN, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, JOSHUA AMMAN, individually and in his

official capacity as a detective for the Waukegan Police Department, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XVII – STATE CLAIM:**
**WILLFUL AND WANTON MISCONDUCT**
**AGAINST DEFENDANT BRIAN FALOTICO**

154. Plaintiff restates and incorporates by reference ¶¶ 1-153 of this Complaint at Law as if fully set forth herein as ¶ 154.

155. On or about February 15, 2022, and at all relevant times, Defendant, THE CITY OF WAUKEGAN, had in effect rules, policies, and/or procedures requiring its school resource officers, including Defendant, BRIAN FALOTICO, to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

156. On or about February 15, 2022, and at all relevant times, Defendant, BRIAN FALOTICO, as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, was under a duty to act as a reasonable school resource officer so as not to harm M.W. or other persons.

157. On or about February 15, 2022, Defendant, BRIAN FALOTICO, as an employee, actual or apparent agent, and/or representative of Defendant, THE CITY OF WAUKEGAN, breached the aforesaid duty of care by failing to contact M.W.'s mother upon his removal from school, arrest, and detention, and by otherwise failing to properly adhere to the policies and/or procedures referenced in ¶ 155 *supra*.

158. At all relevant times, M.W. was in the exercise of ordinary care for his own safety.

159. As a direct and proximate result of Defendant, BRIAN FALOTICO's, misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, BRIAN FALOTICO, individually and in his official capacity as a School Resource Officer of the Waukegan Police Department for Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XVIII – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**AGAINST DEFENDANT BRIAN FALOTICO**

160. Plaintiff restates and incorporates by reference ¶¶ 1-159 of this Complaint at Law as if fully set forth herein as ¶ 160.

161. In the manner more fully described above, during the commission of the constitutional violations described herein, Defendant, BRIAN FALOTICO,

acting under the color of law, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

162. Defendant, BRIAN FALOTICO, failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that M.W. was at a school-sponsored event at the time of the shooting.

163. Defendant, BRIAN FALOTICO, failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

164. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, BRIAN FALOTICO, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

165. As a direct and proximate result of Defendant, BRIAN FALOTICO's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, BRIAN FALOTICO, is liable to Plaintiff, SHANIKA

WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, BRIAN FALOTICO, individually and in his official capacity as a School Resource Officer of the Waukegan Police Department for Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XIX – 42 U.S.C. § 1983**
**STATE-CREATED DANGER**
**VIOLATION OF 14th AMENDMENT SUBSTANTIVE DUE PROCESS**
**AGAINST DEFENDANT AMY OLIVA**

166. Plaintiff restates and incorporates by reference ¶¶ 1-165 of this Complaint at Law as if fully set forth herein as ¶ 166.

167. In the manner more fully described above, before and during the commission of the constitutional violations described herein, Defendant, AMY OLIVA, used her authority as an Educational Safety Specialist and an employee, agent, and/or representative of Defendant, WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT #60, to create an environment that endangered both M.W.'s physical safety and mental/emotional health, in one or more of the following ways:

a. Placed M.W., a minor, into police custody without contacting or informing M.W.'s parent/guardian, SHANIKA WILLIAMS, in violation of WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT #60's rules,

policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement;

b. Arranged or otherwise facilitated the custodial interrogation of M.W., a minor, by Defendants, SEAN AINES and JOSHUA AMMAN, without the presence of counsel or notification of M.W.'s parent/guardian, SHANIKA WILLIAMS, in violation of WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT #60's rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement;

c. Failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, AMY OLIVA, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting; and

d. Failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

168. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, AMY OLIVA, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W., and that her misconduct created or substantially contributed to the creation of the dangerous circumstances he placed M.W. into, as described above.

169. As a direct and proximate result of Defendant, AMY OLIVA's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourteenth Amendment to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and

suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, AMY OLIVA, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, AMY OLIVA, individually and in her official capacity as an Educational Safety Specialist, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XX – STATE CLAIM:**
**WILLFUL AND WANTON MISCONDUCT**
**AGAINST DEFENDANT AMY OLIVA**

170. Plaintiff restates and incorporates by reference ¶¶ 1-169 of this Complaint at Law as if fully set forth herein as ¶ 170.

171. On or about February 15, 2022, and at all relevant times, Defendant, WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT #60, had in effect rules, policies, and/or procedures requiring its Educational Safety Specialists, including Defendant, AMY OLIVA, to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

172. On or about February 15, 2022, and at all relevant times, Defendant, AMY OLIVA, as an employee, actual or apparent agent, and/or representative of Defendant, WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT #60, was under a duty to act as a reasonable Educational Safety Specialist so as not to harm M.W. or other persons.

173. On or about February 15, 2022, Defendant, AMY OLIVA, as an employee, actual or apparent agent, and/or representative of Defendant, WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT #60, breached the aforesaid duty of care by failing to contact M.W.'s mother upon his removal from school, arrest, and detention, and by otherwise failing to properly adhere to the policies and/or procedures referenced in ¶ 171 *supra*.

174. At all relevant times, M.W. was in the exercise of ordinary care for his own safety.

175. As a direct and proximate result of Defendant, AMY OLIVA's, misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD.,

prays for a judgment against Defendant, AMY OLIVA, individually and in her official capacity as an Educational Safety Specialist for the Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXI – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**AGAINST DEFENDANT AMY OLIVA**

176. Plaintiff restates and incorporates by reference ¶¶ 1-175 of this Complaint at Law as if fully set forth herein as ¶ 176.

177. In the manner more fully described above, during the commission of the constitutional violations described herein, Defendant, AMY OLIVA, acting under the color of law, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

178. Defendant, AMY OLIVA, failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that M.W. was at a school-sponsored event at the time of the shooting.

179. Defendant, AMY OLIVA, failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

180. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, AMY OLIVA, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

181. As a direct and proximate result of Defendant, AMY OLIVA's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, AMY OLIVA, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, AMY OLIVA, individually and in her official capacity as an Educational Safety Specialist for the Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXII – STATE CLAIM:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANT ANITA HANNA**

182. Plaintiff restates and incorporates by reference ¶¶ 1-181 of this Complaint at Law as if fully set forth herein as ¶ 182.

183. Following his release, M.W. returned to Waukegan Community Unit School District #60.

184. When M.W. returned to Waukegan Community Unit School District #60, Defendant, ANITA HANNA, permitted, encouraged, failed to intervene, failed to prevent, and/or otherwise facilitated through District employees in her presence, an unsupervised meeting on school grounds between M.W. and a man with a violent criminal and gang history; or, pleading in the alternative, Defendant, ANITA HANNA herself engaged in the conduct described in this Count.

185. At the time and place referenced in ¶ 184, Defendant, ANITA HANNA, knew or reasonably should have known that M.W. was represented by counsel. Despite this, Defendant, ANITA HANNA, failed to notify M.W.'s counsel prior to the aforesaid meeting.

186. Defendant, ANITA HANNA, permitted, encouraged, failed to intervene, failed to prevent, and/or otherwise allowed M.W. to meet privately with the aforesaid individual on school grounds, and it was during that meeting when the said individual gave an unsolicited offer of "protection" to M.W.

187. The actions, omissions, and conduct of Defendant, ANITA HANNA, were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause M.W.'s injury or were done reckless disregard of the probability that their conduct would cause severe emotional distress to M.W.

188. As a direct and proximate result of Defendant, ANITA HANNA's, misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, ANITA HANNA, individually and in her official capacity as a board member of Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXIII – 42 U.S.C. § 1983**
**STATE-CREATED DANGER**
**VIOLATION OF 14th AMENDMENT SUBSTANTIVE DUE PROCESS**
**AGAINST DEFENDANT ANITA HANNA**

189. Plaintiff restates and incorporates by reference ¶¶ 1-188 of this Complaint at Law as if fully set forth herein as ¶ 189.

190. In the manner more fully described above, before and during the commission of the constitutional violations described herein, Defendant, ANITA HANNA, used her authority as a board member of Waukegan Community Unit School District #60, and an employee, agent, and/or representative of Defendant,

BOARD OF EDUCATION OF WAUKEGAN CUSD #60, to create an environment – or, pleading in the alternative, allowed District employees and/or agents in her presence to create an environment – that endangered both M.W.'s physical safety and mental/emotional health, in one or more of the following ways:

a. Permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal history, without a parent, guardian, or counsel for M.W. present, and without his Mother, SHANIKA WILLIAMS', knowledge or consent;

b. Failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, ANITA HANNA, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting; and

c. Failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

191. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, ANITA HANNA, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W., and that her misconduct created or substantially contributed to the creation of the dangerous circumstances she placed M.W. into, as described above.

192. As a direct and proximate result of Defendant, ANITA HANNA's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourteenth Amendment to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and

suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, ANITA HANNA, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, ANITA HANNA, individually and in her official capacity as a board member of Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXIV – STATE CLAIM:**
**WILLFUL AND WANTON MISCONDUCT**
**AGAINST DEFENDANT THERESA PLASCENCIA**

193. Plaintiff restates and incorporates by reference ¶¶ 1-192 of this Complaint at Law as if fully set forth herein as ¶ 193.

194. On or about February 15, 2022, and at all relevant times, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, had in effect rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

195. On or about February 15, 2022, and at all relevant times, Defendant, THERESA PLASCENCIA, as an employee, actual or apparent agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, was under a duty to act as a reasonable superintendent under the circumstances and not to harm M.W. or other students.

196. Defendant, THERESA PLASCENCIA, individually and/or as an employee, actual or apparent agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, breached the aforesaid duty of care in one or more of the following ways:

a. Allowed M.W., a minor, to be turned over to police custody without contacting or informing M.W.'s parent/guardian, SHANIKA WILLIAMS, in violation of BOARD OF EDUCATION OF WAUKEGAN CUSD #60's rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement;

b. Permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal history, without a parent, guardian, or counsel for M.W. present, and without his Mother, SHANIKA WILLIAMS', knowledge or consent;

c. Failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, THERESA PLASCENCIA, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting; and

d. Failed to contact M.W.'s mother upon his removal from school, arrest, and detention.

197. At all relevant times, M.W. was in the exercise of ordinary care for his own safety.

198. As a direct and proximate result of Defendant, THERESA PLASCENCIA's,

misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THERESA PLASCENCIA, individually and in her official capacity as Superintendent of Schools for Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXV – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**AGAINST DEFENDANT THERESA PLASCENCIA**

199. Plaintiff restates and incorporates by reference ¶¶ 1-198 of this Complaint at Law as if fully set forth herein as ¶ 199.

200. In the manner more fully described above, during the commission of the constitutional violations described herein, Defendant, THERESA PLASCENCIA, acting under the color of law, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

201. Defendant, THERESA PLASCENCIA, failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that M.W. was at a school-sponsored event at the time of the shooting.

202. Defendant, THERESA PLASCENCIA, failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

203. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, THERESA PLASCENCIA, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

204. As a direct and proximate result of Defendant, THERESA PLASCENCIA's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, THERESA PLASCENCIA, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor,

pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THERESA PLASCENCIA, individually and in her official capacity as Superintendent of Schools for Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXVI – STATE CLAIM:**
**WILLFUL AND WANTON MISCONDUCT**
**AGAINST DEFENDANT NICOLE MAKI**

205. Plaintiff restates and incorporates by reference ¶¶ 1-204 of this Complaint at Law as if fully set forth herein as ¶ 205.

206. On or about February 15, 2022, and at all relevant times, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, had in effect rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

207. On or about February 15, 2022, and at all relevant times, Defendant, NICOLE MAKI, as an employee, actual or apparent agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, was under a duty to act as a reasonable assistant principal under the circumstances and not to harm M.W. or other students.

208. Defendant, NICOLE MAKI, individually and/or as an employee, actual or apparent agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, breached the aforesaid duty of care in one or more of the following ways:

a. Turned over M.W., a minor, to police custody without contacting or informing M.W.'s parent/guardian, SHANIKA WILLIAMS, in violation of BOARD OF EDUCATION OF WAUKEGAN CUSD #60's rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement;

b. Permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal history, without a parent, guardian, or counsel for M.W. present, and without his Mother, SHANIKA WILLIAMS', knowledge or consent;

c. Failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, NICOLE MAKI, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting; and

d. Failed to contact M.W.'s mother upon his removal from school, arrest, and detention.

209. At all relevant times, M.W. was in the exercise of ordinary care for his own safety.

210. As a direct and proximate result of Defendant, NICOLE MAKI's, misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy

M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, NICOLE MAKI, individually and in her official capacity as an Assistant Principal of Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXVII – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**AGAINST DEFENDANT NICOLE MAKI**

211. Plaintiff restates and incorporates by reference ¶¶ 1-210 of this Complaint at Law as if fully set forth herein as ¶ 211.

212. In the manner more fully described above, during the commission of the constitutional violations described herein, Defendant, NICOLE MAKI, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

213. Defendant, NICOLE MAKI, failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, NICOLE MAKI, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting.

214. Defendant, TIMOTHY BRYNER, failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

215. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, NICOLE MAKI, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

216. As a direct and proximate result of Defendant, NICOLE MAKI's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, NICOLE MAKI, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, NICOLE MAKI, individually and in her official capacity as an Assistant Principal for Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXVIII – 42 U.S.C. § 1983**
**STATE-CREATED DANGER**
**VIOLATION OF 14th AMENDMENT SUBSTANTIVE DUE PROCESS**
**AGAINST DEFENDANT NICOLE MAKI**

217. Plaintiff restates and incorporates by reference ¶¶ 1-216 of this Complaint at Law as if fully set forth herein as ¶ 217.

218. In the manner more fully described above, before and during the commission of the constitutional violations described herein, Defendant, NICOLE MAKI, used her authority as an Assistant Principal and an employee, agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, to create an environment that endangered both M.W.'s physical safety and mental/emotional health, in one or more of the following ways:

a. Turned over M.W., a minor, to police custody without contacting or informing M.W.'s parent/guardian, SHANIKA WILLIAMS, in violation of BOARD OF EDUCATION OF WAUKEGAN CUSD #60's rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement;

b. Permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal history, without a parent, guardian, or counsel for M.W. present, and without his Mother, SHANIKA WILLIAMS', knowledge or consent;

c. Failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, NICOLE MAKI, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting; and

d. Failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

219. The misconduct described in this Count was committed with the conscious

and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, NICOLE MAKI, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W., and that her misconduct created or substantially contributed to the creation of the dangerous circumstances she placed M.W. into, as described above.

220. As a direct and proximate result of Defendant, NICOLE MAKI's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourteenth Amendment to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, NICOLE MAKI, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, NICOLE MAKI, individually and in her official capacity as an Assistant Principal of Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this

action.

**COUNT XXIX – STATE CLAIM:**
**WILLFUL AND WANTON MISCONDUCT**
**AGAINST DEFENDANT TIMOTHY BRYNER**

221. Plaintiff restates and incorporates by reference ¶¶ 1-220 of this Complaint at Law as if fully set forth herein as ¶ 221.

222. On or about February 15, 2022, and at all relevant times, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, had in effect rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

223. On or about February 15, 2022, and at all relevant times, Defendant, TIMOTHY BRYNER, as an employee, actual or apparent agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, was under a duty to act as a reasonable co-principal under the circumstances and not to harm M.W. or other students.

224. Defendant, TIMOTHY BRYNER, individually and/or as an employee, actual or apparent agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, breached the aforesaid duty of care in one or more of the following ways:

a. Allowed M.W., a minor, to be turned over to police custody without contacting or informing M.W.'s parent/guardian, SHANIKA WILLIAMS, in violation of BOARD OF EDUCATION OF WAUKEGAN CUSD #60's rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the

school by law enforcement;

b. Permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal history, without a parent, guardian, or counsel for M.W. present, and without his Mother, SHANIKA WILLIAMS', knowledge or consent;

c. Failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, TIMOTHY BRYNER, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting; and

d. Failed to contact M.W.'s mother upon his removal from school, arrest, and detention.

225. At all relevant times, M.W. was in the exercise of ordinary care for his own safety.

226. As a direct and proximate result of Defendant, TIMOTHY BRYNER's, misconduct described in this Count, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, TIMOTHY BRYNER, individually and in his official capacity as Co-principal of Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this

action.

**COUNT XXX – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**AGAINST DEFENDANT TIMOTHY BRYNER**

227. Plaintiff restates and incorporates by reference ¶¶ 1-226 of this Complaint at Law as if fully set forth herein as ¶ 227.

228. In the manner more fully described above, during the commission of the constitutional violations described herein, Defendant, TIMOTHY BRYNER, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

229. Defendant, TIMOTHY BRYNER, failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, TIMOTHY BRYNER, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting.

230. Defendant, TIMOTHY BRYNER, failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

231. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, TIMOTHY BRYNER, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

232. As a direct and proximate result of Defendant, TIMOTHY BRYNER's, misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and

Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, TIMOTHY BRYNER, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, TIMOTHY BRYNER, individually and in his official capacity as a Co-principal of Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXI – 42 U.S.C. § 1983**
**STATE-CREATED DANGER**
**VIOLATION OF 14th AMENDMENT SUBSTANTIVE DUE PROCESS**
**AGAINST DEFENDANT TIMOTHY BRYNER**

233. Plaintiff restates and incorporates by reference ¶¶ 1-232 of this Complaint at Law as if fully set forth herein as ¶ 233.

234. In the manner more fully described above, before and during the commission of the constitutional violations described herein, Defendant, TIMOTHY

BRYNER, used his authority as Co-principal and an employee, agent, and/or representative of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, to create an environment that endangered both M.W.'s physical safety and mental/emotional health, in one or more of the following ways:

a. Turned over M.W., a minor, to police custody without contacting or informing M.W.'s parent/guardian, SHANIKA WILLIAMS, in violation of BOARD OF EDUCATION OF WAUKEGAN CUSD #60's rules, policies, and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement;

b. Permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal history, without a parent, guardian, or counsel for M.W. present, and without his Mother, SHANIKA WILLIAMS', knowledge or consent;

c. Failed to intervene on behalf of M.W. when informed of the charges against M.W., despite the contrary fact that Defendant, TIMOTHY BRYNER, knew or reasonably should have known that M.W. was at a school-sponsored event at the time of the shooting; and

d. Failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

235. The misconduct described in this Count was committed with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, TIMOTHY BRYNER, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W., and that his misconduct created or substantially contributed to the creation of the dangerous circumstances she placed M.W. into, as described above.

236. As a direct and proximate result of Defendant, TIMOTHY BRYNER's, misconduct described in this Count, M.W. was deprived of the rights,

privileges, and immunities secured to him by the Fourteenth Amendment to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, TIMOTHY BRYNER, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, TIMOTHY BRYNER, individually and in his official capacity as a Co-principal of Waukegan Community Unit School District #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXII – STATE CLAIM:**
**WILLFUL AND WANTON MISCONDUCT AGAINST DEFENDANT**
**BOARD OF EDUCATION OF WAUKEGAN CUSD #60**

237. Plaintiff restates and incorporates by reference ¶¶ 1-236 of this Complaint at Law as if fully set forth herein as ¶ 237.

238. On or about February 15, 2022, and at all relevant times, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, had in effect rules, policies,

and/or procedures requiring its employees, actual or apparent agents, and/or representatives to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

239. On or about February 15, 2022, and at all relevant times, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the District Defendants, was under a duty to act reasonably under the circumstances and not to harm M.W. or other students.

240. Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the District Defendants, breached the aforesaid duty of care in one or more of the following ways:

a. Failed to contact M.W.'s mother upon his removal from school, arrest, and detention; and

b. Permitted, encouraged, and/or otherwise facilitated an unsupervised meeting on school grounds between M.W. and a man with a violent criminal and gang history.

241. At all relevant times, M.W. was in the exercise of ordinary care for his own safety.

242. As a direct and proximate result of the misconduct of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the District Defendants, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and

suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXIII – STATE CLAIM:
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS AGAINST DEFENDANT
BOARD OF EDUCATION OF WAUKEGAN CUSD #60**

243. Plaintiff restates and incorporates by reference ¶¶ 1-242 of this Complaint at Law as if fully set forth herein as ¶ 243.

244. When M.W. returned to Waukegan Community Unit School District #60 following his release from custody, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, and with full knowledge of the fact that M.W. was represented by counsel, did permit, encourage, or otherwise facilitate an unsupervised meeting on school grounds between M.W. and a man with a violent criminal and gang history.

245. The actions, omissions, and conduct of Defendant, BOARD OF EDUCATION

OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the District Defendants, were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause M.W.'s injury or were done with reckless disregard of the probability that their conduct would cause severe emotional distress to M.W.

246. As a direct and proximate result of the misconduct of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXIV – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE AGAINST DEFENDANT**

**BOARD OF EDUCATION OF WAUKEGAN CUSD #60**

247. Plaintiff restates and incorporates by reference ¶¶ 1-246 of this Complaint at Law as if fully set forth herein as ¶ 247.

248. In the manner more fully described above, during the commission of the constitutional violations described herein, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the District Defendants, stood by without intervening to prevent the violation of M.W.'s constitutional rights, despite having ample opportunity to do so.

249. Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the District Defendants, failed to intervene on behalf of M.W. when informed of the charges against M.W., despite its employees', actual or apparent agents', and/or representatives' knowledge of the contrary fact that M.W. was at a school-sponsored event at the time of the shooting.

250. Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the District Defendants, failed to timely and promptly inform M.W.'s mother that he had been removed from school and detained by the police.

251. The misconduct described in this Count was committed under the color of law, with the conscious and intentional disregard of and indifference to the rights and safety of M.W., and Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through the District Defendants, as employees, actual or apparent agents, and/or representatives of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, knew or reasonably should have known said misconduct would likely result in injury, damage, or other harm to M.W.

252. As a direct and proximate result of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, individually and/or by and through its employees', actual or apparent agents', and/or representatives' misconduct described in this Count, M.W. was deprived of the rights, privileges, and immunities secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and law enacted thereunder, and suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries. Therefore, Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXV – STATE CLAIM:**
**INDEMNIFICATION AGAINST DEFENDANT**
**BOARD OF EDUCATION OF WAUKEGAN CUSD #60**

253. Plaintiff restates and incorporates by reference ¶¶ 1-252 of this Complaint at Law as if fully set forth herein as ¶ 253.

254. Illinois Law provides that public entities may be directed to pay any tort judgment for compensatory damages for injuries resulting from the conduct of its employees while acting within the scope of their employment.

255. While committing the misconduct alleged in the preceding paragraphs of this Complaint at Law, the District Defendants were employees, actual or apparent agents, and/or representatives of Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, acting within the scope of their employment, actual or apparent agency, and/or representation thereof.

256. Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, is obligated under Illinois law to pay any judgment entered against the District Defendants.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend

of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, BOARD OF EDUCATION OF WAUKEGAN CUSD #60, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXVI – STATE CAIM:**
**WILLFUL AND WANTON MISCONDUCT AGAINST**
**DEFENDANT THE CITY OF WAUKEGAN**

257. Plaintiff restates and incorporates by reference ¶¶ 1-256 of this Complaint at Law as if fully set forth herein as ¶ 257.

258. On or about February 15, 2022, and at all relevant times, Defendant, THE CITY OF WAUKEGAN, had in effect rules, policies, and/or procedures requiring its officers, including the WPD Defendants, to contact the parents and/or legal guardians of a minor student upon said student's removal from the school by law enforcement.

259. On or about February 15, 2022, and at all relevant times, Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the WPD Defendants, was under a duty to act as reasonably under the circumstances so as not to harm M.W. or other persons.

260. On or about February 15, 2022, Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to the WPD Defendants,

knowingly and/or intentionally breached the aforesaid duty of care by failing to contact M.W.'s mother upon his removal from school, arrest, and detention, and by otherwise failing to properly adhere to the policies and/or procedures referenced in ¶ 258 *supra*.

261. At all relevant times, M.W. was in the exercise of ordinary care for his own safety.

262. As a direct and proximate result of the misconduct of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXVII – STATE CLAIM:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANT THE CITY OF WAUKEGAN**

263. Plaintiff restates and incorporates by reference ¶¶ 1-262 of this Complaint at

Law as if fully set forth herein as ¶ 263.

264. Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to, Defendants, SEAN AINES, JOSHUA AMMAN, and BRIAN FALOTICO, ordered, directed, permitted, encouraged, and/or otherwise facilitated the unfounded and unconstitutional investigation, detention, coercion, and abuse of M.W.

265. The actions, omissions, and conduct of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to, Defendants, SEAN AINES, JOSHUA AMMAN, and BRIAN FALOTICO, were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause M.W.'s injury or were done with reckless disregard of the probability that their conduct would cause severe emotional distress to M.W.

266. As a direct and proximate result of the misconduct of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring

to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXVIII – STATE CLAIM: JUVENILE COURT ACT VIOLATION AGAINST DEFENDANT THE CITY OF WAUKEGAN**

267. Plaintiff restates and incorporates by reference ¶¶ 1-266 of this Complaint at Law as if fully set forth herein as ¶ 267.

268. On or about February 16, 2022, and at all relevant times, Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to, Defendants, SEAN AINES and JOSHUA AMMAN, violated the Illinois Juvenile Court Act through one or more of the following acts or omissions:

a. Knowingly, intentionally, and maliciously fabricated and solicited false evidence;

b. Knowingly, intentionally, and maliciously lied to a minor in his custody;

c. Knowingly, intentionally, and maliciously obtained a confession and further incriminating evidence that they knew or reasonably should have known to be false;

d. Knowingly, intentionally, and maliciously failed to timely and reasonably notify M.W.'s mother of M.W.'s detention, in violation of 705 ILCS 405/5-405(1);

e. Knowingly, intentionally, and maliciously lied to M.W. by falsely stating that the WPD possessed a wealth of evidence connecting M.W. to the shooting;

f. Knowingly, intentionally, and maliciously withheld food from M.W. and/or used the pain of hunger and the prospect of a McDonald's meal to solicit a false confession from M.W.;

g. Knowingly, intentionally, and maliciously concealed and/or disregarded exculpatory evidence which clearly demonstrated M.W.'s innocence; and

h. Knowingly, intentionally, and maliciously used leading questions to confuse M.W., providing him with particular facts and details of the shooting so as to manipulate M.W. into wrongfully implicating himself in the shooting.

269. As a direct and proximate result of the misconduct of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, including, but not limited to, Defendants, SEAN AINES and JOSHUA AMMAN, M.W. suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above. Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, has or will become compelled to pay out divers large sums of money in endeavoring to remedy M.W.'s injuries.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XXXIX – STATE CLAIM**
**INDEMNIFICATION AGAINST**
**DEFENDANT THE CITY OF WAUKEGAN**

270. Plaintiff restates and incorporates by reference ¶¶ 1-269 of this Complaint at Law as if fully set forth herein as ¶ 270.

271. Illinois Law provides that public entities may be directed to pay any tort judgment for compensatory damages for injuries resulting from the conduct of its employees while acting within the scope of their employment.

272. While committing the misconduct alleged in the preceding paragraphs of this Complaint at Law, the WPD Defendants were employees, actual or apparent agents, and/or representatives of Defendant, THE CITY OF WAUKEGAN, acting within the scope of their employment, actual or apparent agency, and/or representation thereof.

273. Defendant, THE CITY OF WAUKEGAN, is obligated under Illinois law to pay any judgment entered against the WPD Defendants.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**COUNT XL – 42 U.S.C. § 1983**
***MONELL* CLAIM AGAINST**
**DEFENDANT THE CITY OF WAUKEGAN**

274. Plaintiff restates and incorporates by reference ¶¶ 1-273 of this Complaint at Law as if fully set forth herein as ¶ 274.

275. At all times relevant to the complained of events described herein and for a period of time prior, Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, had notice of a widespread practice, policy, and/or custom whereby officers routinely coerce individuals against their will to implicate themselves in crimes that they had not committed.

276. Specifically, at all relevant times and for a period of time prior thereto, there existed a widespread practice among members of the Waukegan Police Department under which criminal suspects were coerced into involuntarily implicating themselves by various means, including, but not limited to, the following:

a. People of color, especially minors and individuals suffering from mental, physical, and psychological disabilities, being subjected to unreasonable conditions of confinement during their interrogation;

b. Individuals were interrogated without proper protection of their constitutional right to have counsel present or to remain silent;

c. Officers and other employees and/or agents were permitted to lead and/or participate in interrogations without proper training and without knowledge of the necessary safeguards to ensure detainees were not subjected to abusive conditions and did not confess involuntarily or falsely;

d. Officers consistently employed the use of leading questions which

resulted in involuntary and false confessions; and

e. Supervisors with knowledge of permissible and impermissible interrogation techniques did not supervise or discipline their agents and/or employees so that coercive interrogations techniques continued unchecked.

277. The aforementioned practices were widespread and allowed to flourish due to the acts and omissions of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, which directly encouraged and was the moving force behind the very type of misconduct at issue through Defendant, THE CITY OF WAUKEGAN, failing to adequately train, supervise, and/or control their agents and employees on proper interrogation techniques and procedures, and by failing to adequately reprimand and discipline prior instances of similar misconduct, thus directly encouraging future abuses similar to those suffered by M.W.

278. The above widespread practices are so well settled as to constitute *de facto* policies and procedures of Defendant, THE CITY OF WAUKEGAN, individually and/or by and through its employees, actual or apparent agents, and/or representatives, and existed and thrived because policymakers with authority exhibited a deliberate indifference to the problem, thereby ratifying it.

279. In addition, the described misconduct in this Count was undertaken deliberately by the agents or employees of Defendant, THE CITY OF WAUKEGAN, including but not limited to the WPD Defendants, in an

attempt to violate M.W.'s constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, as detailed above in the preceding counts. Said conduct was done with the knowledge or approval of persons with the final policymaking authority or were actually committed by persons with the aforementioned authority.

280. The policies, practices, and customs set forth above have resulted in numerous highly publicized false confessions, including the false confession at issue in this Complaint, in which individuals were charged with and detained for crimes they did not commit after being subjected to abusive and manipulative techniques.

281. M.W.'s injuries were caused by the agents or employees of Defendant, THE CITY OF WAUKEGAN, including, but not limited to the WPD Defendants, whose actions resulted from the polices, practices, procedures, and customs set forth above in engaging in the misconduct described in this Count. Therefore, Defendant, THE CITY OF WAUKEGAN, is liable to Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, SHANIKA WILLIAMS, as Mother and Next Friend of M.W., a minor, by and through her attorneys, O'CONNOR LAW FIRM, LTD., prays for a judgment against Defendant, THE CITY OF WAUKEGAN, in an amount to exceed the jurisdictional limits of this Court, and for any additional relief as the jury and Court deem proper, including the costs of this action.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

Respectfully Submitted,

O'CONNOR LAW FIRM, LTD.

*/s/ Kevin W. O'Connor*
Kevin W. O'Connor

O'CONNOR LAW FIRM, LTD.
ARDC No.: 6216627
100 South Wacker Drive, Suite 350
Chicago, Illinois 60606
P: (312) 906-7609
F: (312) 263-1913
koconnor@koconnorlaw.com
firm@koconnorlaw.com